IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| IN RE: | * | |
| BENSON, THOMAS T. | * | Case No. 18-25361-TJC |
| BENSON, MARY JEAN | * | |
|     Debtors | * | (Chapter 7) |

* * * * * * * * * * * * *

**CHAPTER 7 TRUSTEE'S APPLICATION TO RETAIN BK GLOBAL REAL ESTATE SERVICES TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. § 327**

COMES NOW the Chapter 7 Trustee, George Liebmann, and pursuant to 11 U.S.C. § 327, states as follows:

1. George Liebmann is the duly qualified and acting Chapter 7 Trustee of the bankruptcy estate of Thomas T. Benson & Mary Jean Benson.

2. An asset of the bankruptcy estate is real property located at 482 Nolpark Drive, Glen Burnie, Maryland 21061, which is legally described as follows: DIST:03 LT 16 BK G SC 2 482 NOLPARK DRIVE RIPPLING ESTATES MAP REF:15 17 350, hereinafter referred to as the "Real Property".

3. The Debtors have not declared the Real Property as exempt.

4. The Debtors listed the Real Property on their schedules as having a value of $227,400.00.

5. The Real Property is subject to a mortgage held by Shellpoint Mortgage Servicing ("Shellpoint").

6. The Debtors scheduled a balance due and owing to Shellpoint of $242,546.88 as of the date of filing of the bankruptcy.

7. Based upon the market value of the Real Property provided by the Debtors and the scheduled lien, the first mortgage debt is in excess of the market value of the Real Property.

1

8. The Handbook for Chapter 7 Trustees published by the Executive Office of the United States Trustee states on pages 4 – 14 under Section 9 "Sales of Assets" (a) General Standards, "A trustee may sell assets only if the sale will result in a meaningful distribution to creditors." The Section further states "the trustee may seek a 'carve-out' from a secured creditor and sell the property at issue if the 'carve-out' will result in a meaningful distribution to creditors." Further, the Section states "The trustee must also consider whether the cost of administration or tax consequences of any sale would significantly erode or exhaust the estate's equity interest in the asset."

9. BK Global Real Estate Services ("BK Global") provides services to trustees, as BK Global has expertise and experience in assisting the trustee in negotiating with secured creditors to accomplish the following:

   a. Sell the Real Property under 11 U.S.C. § 363(b) to whichever party the Chapter 7 Trustee determines to have made the best qualified offer with the sale approved by the Court, pursuant to 11 U.S.C. § 363;

   b. Obtain the release of the senior mortgage and waive all of its claims against the estate with respect to the Real Property (including any deficiency claims resulting from the proposed sale);

   c. Work with the secured mortgage holder to enter into an agreement for an 11 U.S.C. § 506 surcharge to pay all of the closing expenses associated with the § 363 sale, including the payment of a six percent (6%) real estate brokerage commission and reimbursement of their out-of-pocket expenses to BK Global and any associated real estate professional, paid from the proceeds of the sale, and provide a meaningful carve-out for the benefit of allowed unsecured creditors of the Debtors' estate; and

    d.    Make certain the amount of the carve out is clearly set out in the motion to sell the Real Property pursuant to 11 U.S.C. § 363.

10. BK Global will assist the Chapter 7 trustee in negotiations with the first mortgage holder to obtain the consent of the first mortgage holder for the sale of the Real Property. A carve out from the sale proceeds of the Real Property for the payment of a six percent (6%) real estate commission to BK Global and any associated real estate professional, and a carve out from the sale proceeds of such amount for the benefit of unsecured creditors of the bankruptcy estate, which will result in a meaningful distribution to the creditors, and upon a successful resolution with the secured creditor, a separate motion will be filed seeking approval of the settlement terms and conditions.

11. BK Global will not be entitled to any fees if the first mortgage holder does not grant its consent or the Court does not grant the motion to approve the sale of the Real Property.

12. In no event will the bankruptcy estate have any obligation to pay BK Global or associated real estate professional for their services, or to pay the customary title and closing services. The terms of the listing agreement and this Application provide that BK Global and listing agent are only entitled to payment if and when (a) secured creditor grants its consent, (b) the motion to approve sale is granted and (c) the Real Property is sold, in which event BK Global and listing agent will receive a six percent (6%) real estate brokerage commission and obtain reimbursement of any out-of-pocket expenses.

13. The trustee believes that the highest and best value for the Real Property will be generated through a sale in which the Real Property is widely marketed to the public and offered at the highest price that the market will bear. The Trustee further believes that such a sale is in the best interest of the Debtors' bankruptcy estate but can only be achieved if the secured creditor's consent is first obtained. The Chapter 7 trustee believes that retaining BK Global and/or an associated real estate

professional to obtain the secured creditor's consent is in the best interest of the Debtors' bankruptcy estate.

14. The trustee submits that the terms of employment and compensation as set out in this application and the listing agreement (Exhibit "A"), are reasonable in light of the extensive experience of BK Global and any associated real estate professional, and the nature of the services they provide.

15. BK Global attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014 and 2016(a). Attached hereto as Exhibit "B" is an Affidavit of Disinterestedness of BK Global. BK Global also attests, pursuant to Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than listing agent or a buyer's agent, if applicable.

WHEREFORE, based upon the foregoing, the Chapter 7 trustee seeks the Court's authority to retain BK Global in this case and requests that the Court approve the compensation arrangements set forth in the listing agreement and this application, pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code; and for such other and further relief as the Court determines is appropriate.

Dated:  April 12, 2019                         */s/George W. Liebmann*
                                                                   George W. Liebmann (Fed. Bar No. 01112)
Liebmann & Shivley, P.A.
8 West Hamilton Street
Baltimore, MD  21201
410-752-5887
gliebmann@lspa.comcast.biz.net

Case 18-25361    Doc 30    Filed 04/12/19    Page 5 of 5

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of April 2019, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing Trustee's Notice of Private Sale will be served electronically by the Court's CM/ECF on the following:

Melvin J. Caldwell    mcaldwell@caldwellandwhitehead.com, kwhitehead@caldwellandwhitehead.com

Katherine Loverde    bankruptcy@albalawgroup.com

I HEREBY FURTHER CERTIFY that on the 12th day of April 2019, a copy of the foregoing Trustee's Notice of Private Sale was almost mailed first class, postage prepaid to:

Office of the U.S. Trustee
Garmatz Federal Courthouse
101 W. Lombard St., Rm. 2625
Baltimore, MD 21201

Thomas T. Benson
Mary Jean Benson
42 Anchor Way
Berlin, MD 21811

Shellpoint Mortgage Servicing
P.O. Box 740039
Cincinnati, OH 45274-0039

/s/ George W. Liebmann
George W. Liebmann